FILED by\_\_**SA**\_\_D.C.

**Sep 29, 2017**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. **17-80189-CR-ROSENBERG/HOPKINS**

18 U.S.C. § 1518
18 U.S.C. § 1347
18 U.S.C. § 2

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GARY L. MARDER,

    Defendant.

_____/

FILED by \_\_\_\_ D.C.

SEP 29 2017

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## INFORMATION

The Acting United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

1. The Medicare Program (hereinafter "Medicare") was a federal health care program that provided health care benefits to persons who were over the age of 65 or disabled. Medicare was administered by the United States Department of Health and Human Services through its agency, the Centers for Medicare and Medicaid Services.

2. TRICARE was a health care insurance program of the United States Department of Defense. TRICARE provided civilian health benefits for military personnel, military retirees, and military dependents worldwide. TRICARE was administered by the Defense Health Agency.

3. The Federal Employees Health Benefit Program (hereinafter "FEHBP") was a health insurance program that provided health care benefits to federal employees, federal retirees, and eligible spouses and dependents of federal employees. The Office of Personnel Management

administered the FEHBP.

4.      Medicare, TRICARE, and FEHBP (hereinafter "the insurance companies) were "healthcare benefit programs," as defined in Title 18, United States Code, Section 24(b).

5.      Defendant **GARY L. MARDER** was a licensed osteopathic physician in the State of Florida, license #OS4773, and board certified in dermatology.

6.      Allergy Dermatology and Skin Cancer Center, Inc. (hereinafter "Allergy") was a dermatology practice owned and operated by defendant **GARY L. MARDER**. Allergy was incorporated in the State of Florida on October 16, 1998 and was issued Federal Employer Identification Number 65-0869777. Allergy's main office was located at 9580 South Federal Highway, Port St. Lucie, Florida. Allergy also operated a satellite office at 202 NE 2nd Street, #2, Okeechobee, Florida.

7.      Defendant **GARY L. MARDER** was an approved Medicare, TRICARE, and FEHBP service provider. A substantial portion of the defendant's client base was composed of elderly patients who received health care benefits from the insurance companies.

8.      Defendant **GARY L. MARDER's** offices provided, among other services, radiation therapy for patients with skin cancer. In some instances, the provision of radiation therapy included the services of a medical physicist. In such cases, the medical physicist was responsible for calculating the radiation treatment dosage received by the patient and advising the treating physician on the continued radiation treatment and dosage of such treatment. Such services were covered by the insurance companies, when provided by a licensed medical physicist as part of radiation therapy.

## COUNT 1
## OBSTRUCTION OF A CRIMINAL HEALTH CARE INVESTIGATION
## (18 U.S.C. § 1518)

9. Paragraphs 1 through 8 of the General Allegations section of this Information are realleged and incorporated by reference as though fully set forth herein.

10. Beginning on or about July 28, 2015, and continuing through on or about August 12, 2015, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendant,

**GARY L. MARDER,**

did willfully prevent, obstruct, mislead, and delay the communication of information and records relating to a violation of a Federal health care offense to a criminal investigator duly authorized by the Federal Bureau of Investigation, an agency of the United States, to conduct and engage in investigations for prosecutions for violations of health care offenses, by falsifying and altering and causing to be falsified and altered Allergy patient files that had been subpoenaed by a Federal Grand Jury and providing such false and altered patient files to a Special Agent of the FBI; in violation of Title 18, United States Code, Section 1518 and 2.

## COUNT 2
## HEALTH CARE FRAUD
## (18. U.S.C. § 1347)

11. Paragraphs 1 through 8 of the General Allegations of this Information are realleged and incorporated by reference as though fully set forth herein.

12. Beginning at least as early as January 1, 2011, the exact date being unknown to the Acting United States Attorney, and continuing until on or about January 14, 2016, in Palm Beach, Okeechobee, and St. Lucie Counties, in the Southern District of Florida, and elsewhere, the defendant,

**GARY L. MARDER,**

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud health care benefits programs, in and affecting interstate commerce, as defined by Title 18, United States Code, Section 24(b), that is, the insurance companies, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by and under the custody and control of the insurance companies.

## PURPOSE OF THE SCHEME AND ARTIFICE

13. It was the purpose of the scheme and artifice to defraud for the defendant, **GARY L. MARDER**, to unlawfully enrich himself by submitting false and fraudulent claims to the insurance companies for medical physicist services, which services the defendant knew had not been provided.

## THE SCHEME AND ARTIFICE

14. Defendant **GARY L. MARDER** provided radiation therapy at the Allergy offices to Allergy patients with various types of skin cancer.

15. At the time Allergy was providing radiation therapy, the defendant **GARY L. MARDER** did not have a medical physicist at Allergy who (a) calculated the radiation treatment dosage received by the patient, and (b) advised him on the continued dosage of the radiation treatment.

16. Nevertheless, defendant **GARY L. MARDER** directed his staff at Allergy to prepare and submit claims to the insurance companies, seeking reimbursement for medical physicist services purportedly provided by medical physicist F.S.K. to Allergy patients, even though the defendant knew that no such services had been provided by F.S.K. or any other medical physicist.

4

17. To conceal the fraudulent medical physicist claims from the insurance companies, the defendant **GARY L. MARDER** directed his employees to respond to all requests for medical records from the insurance companies by creating false and fraudulent patient files, referred to by the Allergy staff as "make it ready files." These false and fraudulent medical records contained fabricated radiation dosages and calculations and the forged signature of F.S.K. Such false medical files were prepared and submitted to the insurance companies to make it appear as if F.S.K. had performed medical physicist services and reviewed and signed the patient files, when in fact, F.S.K. had not.

18. During the course of the scheme, which ran from approximately January 2011 through January 2016, the defendant **GARY L. MARDER** submitted approximately $369,000 in false and fraudulent claims to the insurance companies for physicist services, which the defendant knew had not been provided and which, in fact, were not provided.

### ACTS IN EXECUTION OF THE SCHEME AND ARTIFICE

19. On or about May 6, 2013, in St. Lucie and Palm Beach Counties, in the Southern District of Florida, and elsewhere, the defendant,

### GARY L. MARDER,

in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, the above-described scheme and artifice to defraud one or more health care benefits programs in and affecting interstate commerce, as defined in Title 18, United States Code, Section 24(b), that is, the insurance companies, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, the insurance companies, in that the defendant did submit and cause the submission of a false and fraudulent Medicare claim,

seeking reimbursement of $1,150, for the calculation of radiation dosages received by the patient by F.S.K., related to patient M.B.

All in violation of Title 18, United States Code, Sections 1347 and 2.

BENJAMIN G. GREENBERG
ACTING UNITED STATES ATTORNEY

ELLEN COHEN
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| vs. | |
| GARY L. MARDER, | **CERTIFICATE OF TRIAL ATTORNEY\*** |
| Defendant. _____/ | Superseding Case Information: |

**Court Division**: (Select One)

___ Miami   ___ Key West
___ FTL   _X_ WPB   ___ FTP

New Defendant(s)          Yes ___   No ___
Number of New Defendants   ___
Total number of counts     ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:   (Yes or No)   _No_
   List language and/or dialect   _____

4. This case will take   _5_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)

   I    0 to  5 days    _X_        Petty    ___
   II   6 to 10 days    ___        Minor    ___
   III  11 to 20 days   ___        Misdem.  ___
   IV   21 to 60 days   ___        Felony   _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court?   (Yes or No)   _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?   (Yes or No)   _No_
   If yes:
   Magistrate Case No.   _____
   Related Miscellaneous numbers:   _n/a_
   Defendant(s) in federal custody as of   _____
   Defendant(s) in state custody as of   _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)   _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   _X_ No

_____
ELLEN COHEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 0739472

\*Penalty Sheet(s) attached

REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**     **GARY L. MARDER**

**Case No**: _____

Count #: 1

   Obstruction of a Criminal Health Care Investigation

   18 U.S.C § 1518

\* **Max. Penalty**:   5 years' imprisonment; 3 years' supervised release; $250,000 fine; and a $100 special assessment.

Count #: 2

   Health Care Fraud

   18 U.S.C § 1347

\* **Max. Penalty**: 10 years' imprisonment; 3 years' supervised release; $250,000 fine or twice the gross gain or loss resulting from the offense, whichever is greater; and a $100 special assessment.

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: GARY L. MARDER

$1 Million Personal Surety Bond co signed by defendant's wife,

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

and travel restricted to the Southern District of Florida without

obtaining an order of court.

By: _____
AUSA:   ELLEN COHEN

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):   S/A WENDE BARFIELD
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
FBI